CHIEE JUSTICE DUVAiL
deliveeed the opinion op the court:
The contract in the case of Shultz vs. Johnson’s adm'r., (5 B. Mon., 497,) was held tobe a personal contract, which did not survive to the administrator, on the ground that such was the intention of the parties, clearly manifested by the terms of the writing. It was said that hemp, which was the subject of that contract, was an important and valuable staple, and the court had a right “to presume that its value greatly depends upon *268 the attention, experience and skill in raising and preparing it for the use of the manufacturer.
But-here neither the terms of the contract, nor its subject matter, nor the situation of the parties, authorize any such construction. After reciting that Booker had bought of White 100 hogs, of a certain description, to be delivered at the time, place and price specified, the agreement stipulates that “Booker feeds and returns him, White, 250 hogs, no hog to weigh less than 220 pounds, and each and every hog to be well fatted, and no sow with pig, and to average 300 pounds gross.”
Now, if Booker had ready for delivery, at the time and place specified, the 250 hogs, coming up in all respects to the description contained in the writing, it would hardly be rational to assume that, whether they were fed by Booker or by another, was or could be, a matter of the slightest concern to the purchaser. This court, at least, could not presume that the market value, of250 hogs, averaging 300 pounds, and well fatted, would greatly or at all depend on “the attention, experience and skill” which may have been displayed in fattening them. We think it clear, therefore, that the recital or stipulation that “Booker feeds,'' was immaterial, and formed no part of the essence or substance of the agreement in the estimation of the parties themselves. Moreover, the literal construction contended for would render the performance of the contract by Booker impossible, because he not only agreed to feed but to return to White 250 hogs. But he had received from White only 100 hogs, and could, therefore, only have returned that number, according to the strict literal meaning of the word. The intention of the parties, to be gathered from the entire instrument, not the meaning or effect of a particular word, must always determine the question of construction.
The judgment is affirmed.